UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
LESLIE JEROME HARMON p/k/a "J-ROC," and
BRONZ & BRAINZ PRODUCTIONS, INC.,

    Plaintiffs,

v.

TIMOTHY ZACHARY (ZEDD) MOSLEY p/k/a
"MOSLEY" also p/k/a "TIMBALAND,"
TIMBALAND PRODUCTIONS INC., TIMBALAND
PRODUCTIONS, TIMBALAND MUSIC, MOSLEY
MUSIC GROUP, and MONO MUSIC GROUP,

Defendants,

    and

HIPNOSIS SONGS FUND LIMITED, HIPGNOSIS
SONGS GROUP, and HIPGNOSIS SONGS GROUP,
LLC,

    Relief Defendants.
------------------------------------x

1:23-cv-04225 (JHR) (RFT)

**CONFIDENTIALITY STIPULATION AND [PROPOSED] <u>PROTECTIVE ORDER</u>**

Date: 09/30/2024
New York, NY

SO ORDERED

/s/ Robyn Tarnofsky

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party or non-party may designate any document or information, in whole or in part, "Confidential" or "Highly Confidential – Attorney's Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.

2. "Confidential Information" shall mean information, if such exists, that is proprietary,

a trade secret, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party or non-party, be detrimental to the conduct of that party's or non-party's business or the business of any of that party's or non-party's customers or clients. Information and documents designated by a party or non-party as Confidential Information will be stamped "CONFIDENTIAL." Examples of such Confidential documents or information may, but are not limited to, any information, if such exists, concerning family members, current relationships or general negotiations with third-party entertainment entities or recirding/performing artists, current relationships or general negotiations with other third-party producers, etc.

    3. "Highly Confidential – Attorney's Eyes Only Information" shall mean, if such exists, any Confidential Information that is of such a private, sensitive, competitive, or proprietary nature that the present disclosure to persons other than those identified in Paragraph 5 below would be reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position of interests of the producing party. Information and documents designated by a party or non-party as "Highly Confidential – Attorney's Eyes Only Information" will be stamped "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"   Examples of such Highly Confidential documents or information may include, but are not limited to, if such exists, matters concerning annual income, tax reporting, contract negotiations concerning valuation of musical interests and/or existing contract and financial relationships with third-party recording/performing artists, etc.

    4. The Confidential Information or Highly Confidential – Attorney's Eyes Only Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party or non-party challenges another party's or non-party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party or non-party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party or non-party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information or Highly Confidential – Attorney's Eyes Only Information.

6. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); andTrial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraph 8.

7. Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be disclosed to any person, except:

   a. Outside counsel;

   b. Employees of such outside counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to

the extent deemed necessary by counsel; and

    d.    The Court (including the mediator, or other person having access to any Highly Confidential – Attorney's Eyes Only Information by virtue of his or her position with the Court).

    e.    Any other person agreed to by the producing party or non-party, if furnished, shown, or disclosed in accordance with paragraph 8.

8. Prior to disclosing or displaying the Confidential Information Highly Confidential – Attorney's Eyes Only Information to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential – Attorney's Eyes Only Information.  If at any time prior to the trial of this action, a producing party or non-party realizes that some portion(s) of discovery material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the discovery material in writing, and thereafter such designated portion(s) of the discovery material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order. If

so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party or non-party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's or non-party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

13. With respect to deposition transcripts, a producing person or that person's counsel may

designate such portion as Confidential Information or Highly Confidential Information – Attorney's Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential Information or Highly Confidential Information – Attorney's Eyes Only, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential Information or Highly Confidential Information – Attorney's Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated or Highly Confidential Information – Attorney's Eyes Only.

14. A party or non-party may be requested to produce discovery material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five (5) business days of receiving the request, the receiving party or non-party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving party or non-party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving party or non-party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

15. At the conclusion of litigation, Confidential Information or Highly Confidential

Information – Attorney's Eyes Only and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. This Protective Order shall survive the termination of the litigation.

16. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Highly Confidential Information – Attorney's Eyes Only if otherwise required by law or pursuant to a valid subpoena; however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

Dated: September 27, 2024
       New York, New York

**SO STIPULATED AND AGREED**:

| | | |
|---|---|---|
| VERNER SIMON | | JONATHAN D. DAVIS, P.C. |
| By: */s/ Paul W. Verner* | By: | */s/ Jonathan D. Davis* |
| Paul W. Verner | | Jonathan D. Davis |
| 30 Wall Street, 8th Floor | | Anthony C. LoMonaco |
| New York, New York 10005 | | 1 Rockefeller Plaza, Suite 1712 |
| (212) 687-5464 | | New York, New York 10020 |
| pwverner@vernerlaw.com | | (212) 687-5464 |
| | | jdd@jddavispc.com |

By:  /s/ *Kevon Glickman, Esq.*
Kevon Glickman, Esq.
P.O. Box 25
Gladwyne PA 19035
610-761-6833
kevonglickman@icloud.com

*Attorneys for Plaintiffs Leslie Jerome Harmon p/k/a "J-Roc," and Bronz & Brainz Productions, Inc. .*

acl@jddavispc.com

*Attorneys for Defendants Timothy Zachary Mosley p/k/a "Timbaland," Timbaland Productions, Inc. a/k/a Timbaland Productions, Mosley Music, LLC, and Mono Music Group, Inc.*

REITLER KAILAS & ROSENBLATT LLP

By:  /s/ *Brian D. Caplan*
Brian D. Caplan
Anisha Mirchandani
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050 (Telephone)
(212) 371-5500 (Fax)
bcaplan@reitlerlaw.com
amirchandani@reitlerlaw.com

*Attorneys for Relief Defendants Hipgnosis Songs Fund Limited, Hipgnosis Songs Group, and Hipgnosis Songs Group, LLC*