# VERNER SIMON

30 WALL STREET, 8TH FLOOR ▪ NEW YORK, NEW YORK 10005 ▪ (212) 502 5500 / (856) 267-1953 FAX

pwverner@vernerlaw.com

May 7, 2025

**VIA ECF**
The Honorable Robyn F. Tarnofsky
U.S.D.C., S.D.N.Y.
500 Pearl Street
New York, New York 10007

                              Re:    *Harmon v. Mosley, et al.*
                                        Case No. 1:23-cv-04225

Dear Magistrate Judge Tarnofsky:

I write responding to Mr. Caplan's request (ECF##204-205) for remote attendance by attorney Leibowitz at next week's settlement conference. Plaintiffs oppose the request and also take the position that Mr. Leibowitz is perhaps not the proper representative to appear in any event.

To recap, Plaintiffs and the Mosley/Mono Defendants have agreed in principle on certain price terms to settle the Harmon claims for past royalty arrears subject to their resolving additional enforcement and ministerial terms. In the past few months, Plaintiffs have suggested at least two methods of settling the future arrears that Mr. Harmon will be entitled to receive over the course of his life by virtue of his contracts with Mr. Mosley, rights which Mosley sold to Hipgnosis. These proposals have been set out in writing to the Court and to the parties.

As I have stated previously, Plaintiffs believe there are serious obstacles presented by the current position of the Mosley/Mono Defendants on one hand, and the Hipgnosis Defendants on the other, as it relates to the process of resolving the <u>future royalty entitlements</u> of Mr. Harmon. These differences of approach jeopardize the entire settlement because, absent much more compromise by Hipgnosis, there is absolutely no way that Harmon's future royalties can be protected outside of litigation because of the repositioning of the rights in relation to those royalties by Mosley's sale of the rights to Hipgnosis. However, in settlement negotiations, Hipgnosis refuses to voluntarily stand in the shoes of or guarantee Mosley's obligations vis-à-vis Harmon. Harmon's suggested methods of settlement involve active participation in the future by Hipgnosis in order that Harmon can enforce his contract rights against Mosley through Hipgnosis.

Plaintiffs point out again that attorney Leibowitz, to our knowledge, is neither an officer nor a director of any Hipgnosis entity and it is highly doubtful that he possesses the authority to analyze and agree to demands that the Harmon Plaintiffs have made to Hipgnosis in relation to the future royalty stream which will be (in fact now is) due to Harmon. If we are correct, Mr. Leibowitz will need to telephone Hipgnosis' offices in the UK (six hours ahead) which begs the question of why he is needed to do so when attorney Caplan will be in attendance. Alternatively, a representative that possesses full authority should be present – at least that representation should be made.

Thank you for your time and consideration.

                                                                       */s/ Paul W. Verner, Esq.*