UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JEROME HARMON, <br><br>                    Plaintiff, <br><br>     -against- <br> TIMOTHY ZACHARY (ZEDD) MOSLEY, et al., <br><br>                    Defendant. | 23-CV-4225 (JHR) (RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

My chambers received an email attaching correspondence from counsel for Plaintiffs' former lawyers about an apparent fee dispute (Exhibits A & B hereto) and an email from Plaintiffs' current counsel on the same subject (Exhibits B & C hereto). Counsel is reminded that all communications with the Court must be filed on the docket.

A pre-motion conference is scheduled for Tuesday **December 9, 2025 at 10:00 AM.** Counsel for Plaintiffs and counsel for Plaintiffs' former lawyers are required to appear and counsel for any Defendant may appear. Counsel are directed to call my conference line at the scheduled time by dialing **(646) 453-4442, Access Code: 928 311 693#.**

Mr. Verner and Mr. Cypres are **ORDERED** to email a copy of this order to Plaintiffs' former counsel.

DATED:  December 4, 2025  
           New York, NY

SO ORDERED.

_____  
**ROBYN F. TARNOFSKY**  
United States Magistrate Judge

# EXHIBIT A

| | |
|---|---|
| **From:** | Maria Trout |
| **To:** | Tarnofsky NYSD Chambers |
| **Cc:** | George Bochetto; David Heim; pwverner_vernerlaw.com; bronzandbrainzproductions@gmail.com |
| **Subject:** | Harmon v. Mosley, et al., Civil Action 1:23-cv-04225-JHR-RFT |
| **Date:** | Wednesday, December 3, 2025 4:26:10 PM |
| **Attachments:** | image001.png |
| | 2025 12.3 Ltr to Honorable Tarnofsky.pdf |

**CAUTION - EXTERNAL:**

Dear Judge Tarnofsky,

On behalf of attorney George Bochetto, kindly see attached his correspondence dated December 3, 2025 in regard to the above-subject matter.

Respectfully submitted,



***Maria Trout***
***Paralegal***
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
mtrout@bochettoandlentz.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT B



George Bochetto†^  
Gavin P. Lentz*  
Jeffrey W. Ogren*  
David P. Heim*  
Vincent van Laar*  
Bryan R. Lentz*  
John A. O'Connell*  
Kiersty DeGroote*·  
Kean C. Maynard*  
Matthew L. Minsky†*·  
Ryan T. Kirk  
Brett Stander  

**George Bochetto**  
*Attorney at Law*  
gbochetto@bochettoandlentz.com  

Albert M. Belmont, III*  
Michael J. McCarrie  
*of Counsel*

1524 Locust Street  
Philadelphia, PA 19102  
215-735-3900  
Fax: 215-735-2455  

203 High Street  
Mt. Holly, NJ 08060  
856-722-9595  
Fax: 856-722-5511  

10 Beatty Road  
Suite 202  
Media, PA 19063  
484-443-8232  
Fax: 484-442-8238  

\* Admitted to the New Jersey Bar  
† Admitted to the New York Bar  
· Admitted to the the Virginia Bar  
^ Admitted to the D.C. Bar  
· Admitted to the Florida Bar  

PRACTICE DEDICATED  
TO LITIGATION AND  
NEGOTIATION MATTERS  

bochettoandlentz.com

***Please send all Mail to the Philadelphia Office***

December 3, 2025

**VIA EMAIL:** TarnofskyNYSDChambers@nysd.uscourts.gov
Hon. Robyn F. Tarnofsky
U.S. Magistrate Judge
U.S. District Court
500 Pearl Street, Room 703
New York, NY 10007

      Re:     **Harmon v. Mosley**, *et al.*, Civil Action 1:23-cv-04225-JHR-RFT

Dear Judge Tarnofsky:

     I represent former Plaintiff's counsel, Kevon Glickman, Esquire and Bernard Resnick, Esquire, in the above-referenced matter in connection with a fee dispute with Plaintiff Leslie Jerome Harmon. Unfortunately, the dispute has not been resolved, despite significant efforts by me and by my clients. Thus, I am writing pursuant to Local Civil Rule 7.1(e) and Your Honor's Individual Practices (Section I(D)) to request a pre-motion conference concerning a motion I intend to file to enforce Attorney Charging Lien and to Compel disclosure of the parties' written Settlement Agreement and compliance with the Attorney Charging Lien.

     By way of brief background, Kevon Glickman was counsel of record for Plaintiff along with co-counsel Paul Verner. Bernard Resnick is a longtime entertainment counsel for Plaintiff. There is a written fee agreement entitling each of the attorneys -- Mr. Glickman, Mr. Resnick, and Mr. Verner -- to be paid a reduced hourly rate (with respect to Glickman and Verner) along with a contingency percentage of the gross recovery (with respect to all three attorneys) from this matter. The case was heavily litigated for two years. While the parties were close to finalizing a settlement of the case against Mosley, et al, Plaintiff suddenly and unexpectedly terminated the representation of both Mr. Glickman and Mr. Resnick, and Plaintiff is now refusing to honor his written fee agreement with Mr. Glickman and Mr. Resnick.

**BOCHETTO & LENTZ, P.C.**
December 3, 2025
Page **2** of **2**

  Mr. Resnick and Mr. Glickman have asserted Attorney's Charging Liens and provided notices of same to all interested parties, which are attached hereto as **Exhibit A**. Mr. Verner, who continues to represent Plaintiff in the above-referenced matter, has filed an Interpleader Action with the Court at 1:25-cv-6530-AS. Although Mr. Harmon refuses to provide a copy of the final written settlement agreement, based on the docket entries there does appear to be a final settlement agreement signed by the settling parties. Indeed, some of the settlement payments have already been made and are in Mr. Verner's escrow account, which is the subject of his Interpleader Action.

  We believe that the Court continues to have ancillary jurisdiction over not just the settlement, but also to resolve the fee dispute between Plaintiff and his former counsel. *See, e.g., Crout v. Haverfield International, Inc.*, 348 F.Supp.3d 219, 227 (S.D.N.Y. 2018) ("This Court has ancillary jurisdiction to consider attorneys' fees disputes arising out of litigation pending before it.") (citing *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir. 1988). Given the Court's familiarity with the case, the parties and counsel, and given the importance of safeguarding the confidentiality of the financial details of the Mosley-Harmon settlement, we believe the fee dispute would be most efficiently addressed by the Court.

  We are thus requesting a pre-motion conference to confirm our view of the Court's ancillary jurisdiction pursuant to *Crout* and to set a schedule to have this fee dispute resolved finally, either by agreed settlement or motion, hearing and court decision.

  Thank you for the Court's consideration of this request.

              Respectfully submitted,

              **BOCHETTO & LENTZ, P.C.**

         By: */s/ George Bochetto*
             George Bochetto

GB/mt

cc: Paul Verner, Esquire (pwverner@vernerlaw.com) Via Email
   Jerome Harmon (bronzandbrainzproductions@gmail.com) Via Email

# Exhibit "A"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LESLIE JEROME HARMON, *et al.*<br><br>                *Plaintiffs*<br><br>v.<br><br>TIMOTHY ZACHARY (ZEDD) MOSLEY *et al.*<br><br>                *Defendants* | Civil Case No. 1:23-cv-04225-JHR-RFT |

## NOTICE OF ATTORNEY'S LIEN

TO:    Leslie Jerome Harmon
          c/o Paul W. Verner, Esquire
          VERNER SIMON
          10000 Lincoln Drive East, Suite 201
          Marlton, NJ 08053
          pwverner@vernerlaw.com

          Paul W. Verner, Esquire
          VERNER SIMON
          10000 Lincoln Drive East, Suite 201
          Marlton, NJ 08053
          pwverner@vernerlaw.com

Jonathan Cyprys, Esquire
Greenberg Traurig, P.A.
445 Hamilton Avenue
White Plains, NY 10601
cyprysj@gtlaw.com

Jonathan David Davis, Esquire
Jonathan D. Davis, P.C.
1 Rockefeller Plaza, Suite 1712
New York, NY 10020
jdd@jddavispc.com

        **PLEASE TAKE NOTICE** that the undersigned attorney and client, Leslie Jerome Harmon, plaintiff in the above-captioned matter, have established an attorney-client relationship concerning the following claim or cause of action:

        All claims and causes of action asserted or to be asserted in the above-captioned litigation matter and in any other related matters.

The undersigned attorney hereby provides notice and claims a lien upon such claim or cause of action, and upon any verdict, report, determination, decision, award, settlement, or final order, and to any money or property recovered on account thereof, pursuant to Section 475 of the Judiciary Law of the State of New York.

Dated: July 11, 2025
City, New York

Witnessed by:

_____
Name: Priscilla J. Mattison
Address: Two Bala Plaza, Suite #300, Bala Cynwyd, PA 19004

_____
Kevon Glickman, Esquire
Kevon Glickman Law, LLC
P.O. Box 25
Gladwyne, PA 19035
(610) 761-6833
kevonglickman@icloud.com

*Attorney for Plaintiff, Leslie Jerome Harmon*

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JEROME HARMON, *et al.* :<br><br>              *Plaintiffs* :<br><br>   v. :<br><br>TIMOTHY ZACHARY (ZEDD) MOSLEY *et al.* :<br><br>              *Defendants* : | Civil Case No. 1:23-cv-04225-JHR-RFT |

### NOTICE OF ATTORNEY'S LIEN

TO:   Leslie Jerome Harmon
c/o Paul W. Verner, Esquire
VERNER SIMON
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053
pwverner@vernerlaw.com

Paul W. Verner, Esquire
VERNER SIMON
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053
pwverner@vernerlaw.com

Jonathan Cyprys, Esquire
Greenberg Traurig, P.A.
445 Hamilton Avenue
White Plains, NY 10601
cyprysj@gtlaw.com

Jonathan David Davis, Esquire
Jonathan D. Davis, P.C.
1 Rockefeller Plaza, Suite 1712
New York, NY 10020
jdd@jddavispc.com

**PLEASE TAKE NOTICE** that the undersigned attorney and client, Leslie Jerome Harmon, plaintiff in the above-captioned matter, have established an attorney-client relationship concerning the following claim or cause of action:

All claims and causes of action asserted or to be asserted in the above-captioned litigation matter and in any other related matters.

The undersigned attorney hereby provides notice and claims a lien upon such claim or cause of action, and upon any verdict, report, determination, decision, award, settlement, or final order, and to any money or property recovered on account thereof, pursuant to Section 475 of the Judiciary Law of the State of New York.

Dated: July 11, 2025
City, New York

Witnessed by:

_____
Name:   Priscilla J. Mattison
Address: Two Bala Plaza, Suite #300, Bala Cynwyd, PA 19004

_____
Bernard Max Resnick, Esquire
Bernard M. Resnick, Esq., P.C.
2 Bala Plaza
Suite 300
Bala Cynwyd, PA 19004
Phone: 610-660-7774
*Attorney for Plaintiff, Leslie Jerome Harmon*

# EXHIBIT C

| | |
|---|---|
| **From:** | Paul Verner |
| **To:** | Tarnofsky NYSD Chambers |
| **Cc:** | George Bochetto; Maria Trout; David Heim; "cyprysj@gtlaw.com"; Tynia Coats; jerome harmon |
| **Subject:** | RE: Harmon v. Mosley, et al., Civil Action 1:23-cv-04225-JHR-RFT |
| **Date:** | Wednesday, December 3, 2025 5:14:47 PM |
| **Attachments:** | image001.png |
| | 2025-12-3 Letter re Bochetto.pdf |

**CAUTION - EXTERNAL:**

Dear Magistrate Tarnofsky –

Please see the attached letter regarding attorney Bochetto's off-docket submission to Chambers. I am copying counsel for the Mosley Defendants who should be apprized of filings which might necessarily later involve them and their resources.

I intended to efile my response until I discovered that the Bochetto letter has not been.

Please advise whether the Court requires additional information.

PAUL W. VERNER ■ VERNER SIMON

30 Wall Street, 8th Floor ■ New York, NY 10005
Tel: (212) 502-5500 ■ Fax: (856) 267-1953 ■ Cell (917) 501-5362

One Greentree Centre ■ 10000 Lincoln Drive East, Suite 201 ■ Marlton, NJ 08053
Tel: (856) 420-7446 ■ Fax: (856) 267-1953 ■ Cell (917) 501-5362

**From:** Maria Trout <mtrout@bochettoandlentz.com>
**Sent:** Wednesday, December 3, 2025 4:26 PM
**To:** TarnofskyNYSDChambers@nysd.uscourts.gov
**Cc:** George Bochetto <gbochetto@bochettoandlentz.com>; David Heim <dheim@bochettoandlentz.com>; Paul Verner <pwverner@vernerlaw.com>; bronzandbrainzproductions@gmail.com
**Subject:** Harmon v. Mosley, et al., Civil Action 1:23-cv-04225-JHR-RFT

Dear Judge Tarnofsky,

On behalf of attorney George Bochetto, kindly see attached his correspondence

dated December 3, 2025 in regard to the above-subject matter.

Respectfully submitted,



*Maria Trout*
*Paralegal*
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
mtrout@bochettoandlentz.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT D

# VERNER SIMON

30 WALL STREET, 8TH FLOOR ▪ NEW YORK, NEW YORK 10005 ▪ (212) 502 5500 / (856) 267-1953 FAX
pwverner@vernerlaw.com

December 3, 2025

**VIA ECF and Email**
The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, New York 10007

Re: *Harmon, et al. v. Mosley, et al. Case No. 1:23-cv-04225 (JHR) (RFT)*

Dear Judge Tarnofsky:

I received attorney Bochetto's letter (served only by email) and oppose his attempt to involve you, the Mosley parties, Mr. Harmon and me in protracted "attorney lien" proceedings. We collectively have had a hard enough time getting settlement papers and dismissals before the Court and do not need the distraction attorney Bochetto intends to create.

This Court should be aware that I have been communicating with attorney Bochetto's firm for a few months now and as recently as yesterday afternoon asked his partner, David Heim, for the third time to waive service of the summons in the stakeholder action (25-cv-6530-AS) I was compelled to initiate in August 2025 – well before the settlement became ripe on this docket. The Bochetto firm did not appear in that action, where my motion to escrow funds and release the remainder would be heard in short order.

Likewise, while I do not represent Mr. Harmon in any fee dispute, I have seen Mr. Harmon's notice that he has invoked arbitration under the New York state rules and he informs me he is engaging arbitration counsel. Finally, no one from the Bochetto firm contacted me to meet and confer about attorney Bochetto's rather presumptuous suggestion that this Court engage in fee dispute matters. As stated above, it is my understanding that Mr. Harmon has already made his position known to the Bochetto firm on that issue. My position is that I am focused on the settlement in this case and the smooth performance of that contract. Mr. Harmon's arbitration counsel can and should handle his fee disputes, disputes which are not properly on this case docket and should be lodged in the stakeholder case if not in arbitration per the retainer agreement.

Thank you for your consideration.

*/s/ Paul W. Verner, Esq.*

cc: All counsel