Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

## <u>CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT</u>

This Confidential Release and Settlement Agreement ("**2025 Settlement Agreement**" or "**Agreement**"), dated as of October 3, 2025, is made and entered into by and between the following parties in the litigation captioned, *Harmon et. al., v. Mosley et al.*, United States District Court for the Southern District of New York, 23-cv-04225 (JHR)(RFT)(the "**Litigation**") to wit:[1]

- Timothy Zedd Mosley, p/k/a "Timbaland", Timbaland Productions, Inc. (incorrectly named in the Litigation as Timbaland Productions), Mosley Music LLC (incorrectly named herein as Timbaland Music and Mosley Music Group), c/o Tynia A. Coats, Esq., Law Office of Tynia Coats, and Jonathan Cyprys, Esq., Greenberg Traurig, LLP, One North Lexington Avenue, Suite 800, White Plains, New York 10601 (the "**Mosley Defendants**");
- Hipgnosis Songs Fund Limited, Hipgnosis Songs Group, Hipgnosis Songs Group, LLC, and Hipgnosis SFH I Limited c/o Brian D. Caplan, Reitler Kailas & Rosenblatt LLP, 885 Third Avenue, 20th Floor, New York, New York 10022, (the "**Relief Defendants**"); and
- Leslie Jerome Harmon, p/k/a "J-Roc" and Bronz & Brainz Productions, Inc., c/o Paul W. Verner, Verner Simon, 30 Walls Street, 8th Floor, New York, New York 10005 (the "**Plaintiffs**").

The Mosley Defendants, the Relief Defendants, and the Plaintiffs (collectively referred to herein as the "**Parties**" and individually as "**Party**.")

**WHEREAS**, in August 2020, the Mosley Defendants and certain of the Plaintiffs, entered into a Confidential Settlement And Release Agreement (the "**2020 Settlement Agreement**"), which modified and then reaffirmed certain terms of a written music Producers Agreement, dated May 9, 1997, as amended by a written agreement, dated April 11, 2013, pursuant to which the Plaintiffs agreed, among other things, to provide Timbaland Productions, Inc. with the following services: (i) exclusive services as a producer of master recordings of artists signed to Timbaland Productions, Inc.; and (ii) non-exclusive services as a producer and session musician for third party artists not signed to Timbaland Productions, Inc.  The foregoing Agreements are collectively referred to as the "**Mosley-Harmon Agreements**." Copies of the Mosley-Harmon Agreement are attached as **Exhibits A and B**.  A copy of the 2020 Settlement Agreement is attached as **Exhibit C**.

**WHEREAS**, under the Mosley-Harmon Agreement, the Plaintiffs had provided services to Timbaland Productions, Inc. in connection with certain master recordings (and all other versions and remixes thereof) embodied on the identified albums (and all versions thereof) (each a "**Harmon Master**," and collectively the "**Harmon Masters**").  A true and accurate list of the Harmon Masters is attached as **Exhibit D**.

**WHEREAS**, the Plaintiffs commenced the Litigation in May 2023.

---

[1] Certain entities herein set out are entering into this Agreement solely as a result of being so identified and named in the Litigation, and the act of executing this Agreement shall not be construed as an admission that they are actually existing and previously formed entities.

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

**WHEREAS**, in March through July 2025, the Parties attempted to resolve their disputes including, during a settlement conference before the Magistrate in a voluntary non-binding manner.

**WHEREAS**, now as a matter of business judgment, in order to avoid further litigation and to extinguish **ALL** claims, demands, and causes of action alleged and asserted by the Plaintiffs against the Mosley Defendants (and, solely for purposes of Plaintiff's release, the Relief Defendants), the Parties have reached a mutual resolution and settlement of **ALL** of Plaintiffs' claims and disputes against the Mosley Defendants (and, solely for purposes of Plaintiffs' release, the Relief Defendants) in this 2025 Settlement Agreement so as to settle with finality all of Plaintiffs' claims against the Parties to this agreement related to producers' royalties due to Plaintiffs under the Mosley-Harmon Agreements and the Harmon Masters.

**WHEREAS**, in tandem with the Parties' goal of resolving royalty arrears due to Plaintiffs, and in order to cease and resolve all future accounting and payments from the Mosley Defendants to Plaintiffs under the Mosley–Harmon Agreements, the Plaintiffs have offered to sell and the Mosley Defendants have agreed to purchase all of Plaintiffs' right, title, and interest in and to the Mosley-Harmon Agreements and the Harmon Masters, for the consideration and under the terms set forth below in this 2025 Settlement Agreement.

**NOW, THEREFORE**:

1.    **Terms/Payments Arrears**. In full and final satisfaction of all Plaintiffs' claims for past due producers' royalties owed as of the date of this 2025 Settlement Agreement asserted or that could have been asserted by the Plaintiffs against the Parties to this 2025 Settlement Agreement, the Mosley Defendants, by and through an entity owned or controlled by the Mosley Defendants, shall pay a total of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Plaintiffs as follows:



(a)

(b)

(c)

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.



(d) Notwithstanding the foregoing, in the event Plaintiffs receive any settlement payment, consideration, judgment, award, or recovery of any kind from Defendant Mono Music Group or Gary Marella (including, without limitation, contractual damages, punitive damages, treble damages, extra-contractual damages, or any other monetary recovery whatsoever), such recovery shall be split equally, with fifty percent (50%) paid to the Mosley Defendants and fifty percent (50%) retained by Plaintiffs.

3. **Delivery of Payments**.

(a) All payments due under Paragraphs 1(a), (b), and (c), and 2(a) and (b) shall be made by wire transfer to:

---

[2] The Plaintiffs and the Mosley Defendants have agreed that the financial terms between them in this 2025 Settlement Agreement and the contemporaneous Assignment Agreement under Sections 1 and 2 are trade secret and propriety information and that they shall be redacted or filed under seal in a manner which is acceptable to the Court in its retention of jurisdiction over enforcement. Future proceedings, if any, required to be brought by any Party shall respect the nature of those redactions and sealed terms.

VERNER SIMON - NEW YORK IOLTA TRUST ACCOUNT
30 Wall Street, 8th Floor
New York, NY 10005, 212-502-5500

Wells Fargo Bank
420 Montgomery, San Francisco, CA 94104
ABA # 121000248
Account No. ▮▮▮▮▮▮▮▮
SWIFT – WFBIUS6S (USD payments)

(b) The Parties acknowledge and agree that all payments made pursuant to this Agreement constitute settlement consideration. Plaintiffs shall be solely responsible for any and all taxes, assessments, or withholdings attributable to payments made hereunder, and shall indemnify and hold harmless the Mosley Defendants from and against any liability therefor. To the extent the Mosley Defendants previously reported as income amounts which are the subject of this Agreement, the Mosley Defendants shall be entitled to amend prior tax returns to reflect such payments as offsets or reductions of income, and the Parties shall cooperate in providing any documentation reasonably necessary to support such treatment.

4.      **Default By Defendants/Attorneys' Fees**. If the Mosley Defendants fail to pay any amount due under Paragraph 1 or 2, the Mosley Defendants shall also owe Plaintiffs reasonable attorneys' fees and costs to reimburse Plaintiffs for their legal fees and costs incurred in enforcement of this Agreement and collecting such sums.  Plaintiff's counsel represents that his fee is customarily $500 per hour for commercial enforcement matters and the Mosley Defendants acknowledge this hourly fee is reasonable for purposes of this Agreement.

5.      **Default By Mosley Defendants/Notice and Cure**. In the event of a default by the Mosley Defendants of its payment obligations to Plaintiffs under the 2025 Settlement Agreement, and the failure by the Mosley Defendants to cure the default within thirty (30) days after receiving written notice from Plaintiffs or their attorneys (electronic mail, Certified Mail, RRR or other writing shall suffice) addressed to Tynia A. Coats and Jonathan Cyprys, Greenberg Traurig, LLP, One North Lexington Avenue, Suite 800, White Plains, New York 10601, notifying them of said default, then the entire unpaid portion of the sums due by the Mosley Defendants under the 2025 Settlement Agreement shall be accelerated and shall become immediately due and payable. In the event of such an uncured default and to secure the accelerated amount due by the Mosley Defendants under this Settlement Agreement, Plaintiffs shall have the following optional rights:

(a)      **Summary Judgment**. Plaintiffs shall apply to the Court under its retained jurisdiction for immediate order of summary judgment pursuant to the Federal Rules of Civil Procedure 56 or 60 as may be applicable together with all agreed attorneys' fees; or



4

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

6.      **Retention of Jurisdiction**. The Parties agree that as a material term of this 2025 Settlement Agreement, they shall in good faith move the U.S. District Court, Southern District of New York, (Magistrate Judge Robyn F. Tarnofsky) to so-order this Agreement and to retain jurisdiction over its enforcement through the payout term with such attendant handling of the final Stipulation of Dismissal of the case as may be required by the Court to facilitate the settlement and the termination of the litigation between the Parties.   The Parties acknowledge that the Court has indicated its willingness to retain jurisdiction over the Settlement Agreement. In furtherance of the Court's retention of jurisdiction, the Parties shall file a copy of the Settlement Agreement with the Court but shall redact confidential pricing and other terms agreed upon by the parties. For the avoidance of doubt, should Plaintiffs be compelled by non-payment of the Mosley Defendants  to commence either enforcement proceedings in the Court where the Litigation currently exists, other summary actions, or a new plenary litigation, the Mosley Defendants shall be liable for the Plaintiffs' reasonable attorneys' fees.

7.      **Effect of Bankruptcy/Delay of Release**. The filing of any petition in Bankruptcy by any or either Mosley Defendant executing this 2025 Settlement Agreement shall constitute a default under this Agreement if at the time of filing, the Mosley Defendants still owe outstanding amounts. Further, all final releases and the Stipulation of Dismissal issued under this 2025 Settlement Agreement are not effective until the 91st day after the final payment date, and the Plaintiffs' original claims in the Litigation shall remain in effect if a bankruptcy petition is filed by any Defendant within the 90th day following the final payment made on February 15, 2027 or until May 17, 2027.

8.      **Cross-Guarantee**. Each of the Mosley Defendants cross guarantees the performance of the obligations of the other Mosley Defendants to the Plaintiffs under this 2025 Settlement Agreement.

9.      **Prior Agreement**. As between Plaintiffs and the Mosley Defendants, and except as expressly assigned and transferred pursuant to Section 2 of this Agreement, Plaintiffs shall have no further rights, claims, or entitlements under the 2020 Settlement Agreement and the Mosley–Harmon Agreements.

10.      **Release by Plaintiffs**. Except for the obligations contained in this Agreement, and for and in consideration of the obligations provided in Paragraphs 1 and 2 of this Agreement, and the other obligations of the Parties as set forth in this Agreement, Plaintiffs, for themselves and on behalf of their parent companies, subsidiaries, affiliated companies and entities, members, shareholders, officers, directors, servants, agents, employees, representatives, heirs, successors, predecessors, consultants, sub-consultants, brokers and assigns, do hereby release and forever discharge the Mosley Defendants and each of Hipgnosis Songs Fund Limited and Hipgnosis SFH I Limited, and each of their parent companies, subsidiaries, affiliated companies and entities, members, shareholders, officers, directors, servants, agents, employees, representatives, heirs, successors, predecessors and assigns of and from all claims, demands, actions, causes of action, obligations, liens, penalties, damages, attorney fees, commissions and losses of any kind whatsoever which has or could have been brought or asserted by Plaintiffs prior to the date of this Agreement, including but not limited to, any and all claims asserted, or that could have been asserted by Plaintiffs,

5

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

relating in any way to the 2020 Settlement Agreement and the Mosley-Harmon Agreement. Except for the obligations contained in this Agreement, and for and in consideration of the obligations provided in Paragraphs 1 and 2 of this Agreement, and the other obligations of the Parties as set forth in this Agreement, Plaintiffs, for themselves and on behalf of their parent companies, subsidiaries, affiliated companies and entities, members, shareholders, officers, directors, servants, agents, employees, representatives, heirs, successors, predecessors, consultants, sub-consultants, brokers and assigns, do hereby release and forever discharge Hipgnosis Songs Group and Hipgnosis Songs Group LLC and their subsidiaries, affiliated companies and entities engaged in the music publishing business only, members, shareholders, officers, directors, servants, agents, employees, representatives, heirs, successors, predecessors and assigns in the music publishing business only of and from all claims, demands, actions, causes of action, obligations, liens, penalties, damages, attorney fees, commissions and losses of any kind whatsoever which has or could have been brought or asserted by Plaintiffs relating in any way to the 2020 Settlement Agreement and the Mosley-Harmon Agreement.  For the avoidance of doubt, this provision **shall not** be construed as the Plaintiffs releasing or discharging Gary Marella, Mono Music Group, Bruce Seckendorf, L.L. Business Management, Inc., Seckendorf Hasson Reilly & Kobay CPA's, LLC, and any other entities related or affiliated thereto of any liability or claims of any kind. For the avoidance of doubt, each Party reserves and retains all rights to pursue claims, defenses, and cross-claims against any other Party or non-party in the Litigation, except only to the extent expressly released in this Agreement.

11.    **Release by Defendants**. Except for the obligations contained in this Agreement, and for and in consideration of the obligations provided in Paragraphs 1 and 2 of this Agreement, and the other obligations of the Parties as set forth in this Agreement, the Mosley Defendants and each of Hipgnosis Songs Fund Limited and Hipgnosis SFH I Limited, for themselves and on behalf of their parent companies, subsidiaries, affiliated companies and entities, members, shareholders, officers, directors, servants, agents, employees, representatives, heirs, successors, predecessors, consultants, sub-consultants, brokers and assigns, do hereby release and forever discharge Plaintiffs, and their parent companies, subsidiaries, affiliated companies and entities, members, shareholders, officers, directors, servants, agents, employees, representatives, heirs, successors, predecessors and assigns of and from all claims, demands, actions, causes of action, obligations, liens, penalties, damages, attorney fees, commissions and losses of any kind whatsoever which has or could have been brought or asserted by the Mosley Defendants and each of Hipgnosis Songs Fund Limited and Hipgnosis SFH I Limited, prior to the date of this Agreement, including but not limited to, any and all claims asserted, or that could have been asserted by the Mosley Defendants and Hipgnosis Songs Fund Limited and Hipgnosis SFH I Limited, relating in any way to the 2020 Settlement Agreement and the Mosley-Harmon Agreement. Except for the obligations contained in this Agreement, and for and in consideration of the obligations provided in Paragraphs 1 and 2 of this Agreement, and the other obligations of the Parties set forth in this Agreement, Hipgnosis Songs Group and Hipgnosis Songs Group LLC, for themselves and on behalf of their subsidiaries, affiliated companies and entities engaged in the music publishing business only, members, shareholders, officers, directors, servants, agents, employees, representatives, heirs, successors, predecessors, consultants, sub-consultants, brokers and assigns , do hereby release and forever discharge Plaintiffs, and their parent companies, subsidiaries, affiliated companies and entities, members, shareholders, officers, directors, servants, agents, employees, representatives, heirs, successors, predecessors and assigns of and from all claims, demands, actions, causes of action,

6

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

obligations, liens, penalties, damages, attorney fees, commissions and losses of any kind whatsoever which has or could have been brought or asserted by Hipgnosis Songs Group and Hipgnosis Songs Group LLC relating in any way to the 2020 Settlement Agreement and the Mosley-Harmon Agreement. For the avoidance of doubt, this provision **shall not** be construed as the Mosley Defendants or Relief Defendants releasing or discharging Gary Marella, Mono Music Group, Bruce Seckendorf, L.L. Business Management, Inc., Seckendorf Hasson Reilly & Kobay CPA's, LLC, and any other entities related or affiliated thereto of any liability or claims of any kind. For the avoidance of doubt, each Party reserves and retains all rights to pursue claims, defenses, and cross-claims against any other Party or non-party in the Litigation, except only to the extent expressly released in this Agreement.

12.     Plaintiffs expressly agree that in the event for any reason whatsoever Plaintiffs do not receive any or all of the payments under this Agreement from the Mosley Defendants, same shall in no way whatsoever affect, diminish, modify, reduce, cancel, qualify, condition, or terminate the release granted to the Relief Defendants (and their successors and assigns) pursuant to this Agreement and said release shall continue to be effective and in full force and effect in perpetuity. Plaintiffs agree to refrain from hereafter commencing or participating in, at any time(s), any action or proceeding, in law or in equity, against the Relief Defendants (or their successors or assigns) on account of any claim or cause of action that is in any way related, directly or indirectly, to the Mosley-Harmon Agreements or the Harmon Masters, and the Relief Defendants (and their successors and assigns) shall at no time(s) have any accounting, payment or other obligations to Plaintiffs.

13.     **Dismissal**. Upon final payments received pursuant to Paragraphs 1 and 2 of this Agreement, the Plaintiffs, through their attorneys, shall execute Stipulated Orders of Dismissal with Prejudice and Without Costs or Attorney Fees of the Litigation.

14.     **Confidentiality/Non-disparagement**. The Parties agree to maintain the confidentiality and secrecy of this Agreement and will not directly or indirectly communicate, make known or divulge to any agency, person or organization the non-public terms of this settlement including, but not limited to, the sum of money paid and received in consideration of settlement. The four exceptions ("Permitted Disclosures") to this confidentiality provision are: 1) where disclosure is compelled pursuant to legal process, including but not limited to, any regulatory action and/or disclosure; 2) the Parties are allowed to divulge the settlement circumstances to their attorney and as needed to obtain professional investment, accounting and tax services; 3) as reasonably necessary to effectuate the assignment, transfer, or enforcement of rights under this Agreement; and 4) the Mosley Defendants may, at its discretion, introduce this Settlement Agreement and its terms as evidence in future proceedings against Gary Marella, Mono Music Group, Bruce Seckendorf, L.L. Business Management, Inc., Seckendorf Hasson Reilly & Kobay CPA's, LLC, and any other entities related or affiliated thereto. Any Permitted Disclosures made shall be redacted to exclude all non-essential terms. In the event the Parties make disclosures pursuant to this provision to anyone other than as defined in this paragraph, they shall advise any persons to whom such disclosures are made to the secrecy and confidentiality requirements of this paragraph at least five (5) days prior to disclosure and require that any and all such persons receiving disclosures agree to be bound by the provisions of this paragraph. Further, the Parties agree not to make or publish any statement (orally, electronically or in writing) or instigate, assist, or participate

7

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

in making or publishing any statement which adversely affects, libels, slanders or disparages one another.

15.    **Finality**. It is understood and agreed that, subject to the terms of this Agreement, the releases contained herein are **FULL AND FINAL RELEASES** in full compromise and settlement of all claims that any Plaintiff has, could have had, or should have brought against any of the Mosley Defendants or Relief Defendants as arising from the subject matter of this Agreement and all claims that any of the Mosley Defendants or Relief Defendants has, could have had, or should have brought against any Plaintiff. For the avoidance of doubt, this provision **shall not** be construed to settle any cross claims that could have been brought between and among the Mosley Defendants and Mono Music Group and **shall not** be construed as the Mosley Defendants releasing or discharging Gary Marella, Mono Music Group, Bruce Seckendorf, L.L. Business Management, Inc., Seckendorf Hasson Reilly & Kobay CPA's, LLC, and any other entities related or affiliated thereto of any liability or claims of any kind.

16.    **No Admissions**. It is further understood and agreed that this settlement is the compromise of disputed claims and that the payments made are not to be construed as an admission of liability on the part of any Party, and that the Parties expressly deny any liability.

17.    **Advice of Counsel**. It is further understood that the person executing this Agreement on behalf of the respective Parties expressly represents that he/she had an opportunity to consult with an attorney regarding this Agreement, and fully understands the terms and conditions contained herein.

18.    **Authority**. It is further understood that the person executing this Agreement on behalf of the respective Parties expressly warrants and represents that he/she is authorized to sign this Agreement for the purpose of duly binding the Parties to the terms and conditions contained herein.

19.    **Merger**. This Agreement contains the entire agreement and understanding of the Parties with regard to the Parties' resolution and settlement of their claims, and there are no other agreements, representations, or understandings of the Parties, either oral or written, concerning their claims. To be effective, any subsequent modification or amendment of this Agreement must be in writing and signed by all the Parties.

20.    **Continuing Cooperation**. It is further agreed that the Parties shall execute and deliver any and all instruments, documents, and assurances and to take such other actions as may be reasonably necessary to fully effectuate this Agreement and any rights hereunder. Plaintiffs and Relief Defendants also hereby agree to cooperate with all reasonable requests for relevant, readily available documents relating to the Music Catalogue Acquisition Agreement between Hipgnosis SFI Limited, on the one hand, and Timothy Zedd Mosley, Timbaland Productions, Timbaland Productions, Inc. and Mosley Music, LLC, on the other hand, dated October 4, 2019 (the "Acquisition Agreement"), ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████ Notwithstanding the foregoing, Relief Defendants and the

8

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

Mosley Defendants each reserve their right to pursue claims against each other for breaches of the Acquisition Agreement.

21.     **Choice of Law/Venue/Waiver of Jury**. The Parties hereby request the Court presiding over the Litigation to retain jurisdiction over the enforcement of this 2025 Settlement Agreement and the Court has indicated it shall so retain jurisdiction. However, if the request is in the future rejected, this Agreement is to be governed by and interpreted under the laws of the State of New York. If any provision herein is found or determined to violate any New York or federal law, it shall be stricken and all other terms and provisions shall remain in full force and effect. The Parties expressly agree and consent that any lawsuit to enforce or dispute the terms of this Agreement and its Exhibits may be commenced in the United States District Court for the Southern District of New York or in the state courts of New York, and the Parties expressly agree to jurisdiction and venue in those courts for all purposes regarding any disputes arising hereunder. **The Parties also hereby expressly waive their right to trial by jury for any lawsuit between them to enforce or dispute the terms of this Agreement and its Exhibits regardless of which court may be selected by the filing party**.

22.     *Contra Proferentem* **Inapplicable**. This Agreement has been completely negotiated between the Parties and shall not be construed more strictly against any Party.

23.     **Reservation of Rights/Non-Waiver**. The failure of any of the Parties to enforce any right arising under this Agreement on any one or more occasion does not operate as a waiver of that or any other right on that or any other occasion.

24.     **Counterparts/Headings**. This Agreement may be executed in one or more counterparts, each of which is deemed to be an original, and all of which together shall constitute one and the same document. This Agreement may be transmitted by PDF attachment and said PDF attachment shall be deemed as an original. The headings of the various paragraphs of this Agreement are inserted for convenience only and shall not in any way affect the meaning or construction of any provision of this Agreement.

25.     **Notices**. Any and all Notices, written requests, or written waivers required under the terms and conditions of this Agreement shall be effective if provided to the following individuals by attorneys (electronic email, Certified Mail, RRR or other writing shall suffice), and shall be deemed effective as of the date sent by the Party providing the notice:

**To Plaintiffs:**                         Paul W. Verner
                                           Verner Simon
                                           30 Wall Street, 8th Floor
                                           New York, New York 10005
                                           pwverner@vernerlaw.com

**To the Mosley Defendants:**              Tynia A. Coats and Jonathan Cyprys
                                           Greenberg Traurig, LLP
                                           One North Lexington Avenue, Suite 800

9

Confidential Release and Settlement Agreement
October  3, 2025
Harmon et al., v. Mosley et al.

White Plains, New York 10601
tcoats@queenconquers.com
cyprysj@gtlaw.com

**To the Relief Defendants:**        Brian D. Caplan
                                     Reitler Kailas & Rosenblatt LLP
                                     885 Third Avenue, 20th Floor
                                     New York, New York 10022
                                     bcaplan@reitlerlaw.com

**IN WITNESS WHEREOF**, the Parties by their respective duly authorized representatives, have executed this Agreement to be effective on the date first set forth herein.

**REMAINDER OF PAGE LEFT BLANK**

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

## MOSLEY DEFENDANTS:

### TIMBALAND PRODUCTIONS, INC.

By: _____

    Name: _____

    Title: _____

    I/We have authority to bind the entity.

### MOSLEY MUSIC LLC

By: _____

    Name: _____

    Title: _____

    I/We have authority to bind the entity.

_____

### TIMOTHY Z. MOSLEY
p/k/a "Timbaland"

## RELIEF DEFENDANTS:

### HIPGNOSIS SONGS FUND LIMITED

By: _____

    Name: _____

    Title: _____

    I/We have authority to bind the entity.

### HIPGNOSIS SFH I LIMITED

By: _____

    Name: _____

    Title: _____

    I/We have authority to bind the entity.

### HIPGNOSIS SONGS GROUP

By: _Peter Brodsky_

    Name: _Peter Brodsky_

    Title: _EVP and General Counsel_

    I/We have authority to bind the entity.

### HIPGNOSIS SONGS GROUP, LLC

By: _Peter Brodsky_

    Name: _Peter Brodsky_

    Title: _EVP and General Counsel_

    I/We have authority to bind the entity.

11

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.


## PLAINTIFFS:


## BRONZ & BRAINZ PRODUCTIONS, INC.

By: _L Jerome Harmon (Oct 6, 2025 21:51:13 CDT)_____

    Name: _L Jerome Harmon_____

    Title: _CEO_____

    I/We have authority to bind the entity.


_L Jerome Harmon (Oct 6, 2025 21:51:13 CDT)_____

## LESLIE JEROME HARMON
p/k/a "J-Roc"

Certain entities herein set out are entering into this Agreement solely as a result of being so identified and named in the Litigation, and the act of executing this Agreement shall not be construed as an admission that they are actually existing and previously formed entities.

*************************************************

## SO-ORDERED:

Dated: _December 15, 2025_____
    New York, NY

SO ORDERED

_____

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

12

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

## MOSLEY DEFENDANTS:

### TIMBALAND PRODUCTIONS, INC.

By: _____
   Name: Tim Mosley
   Title: Authorized Representative
   I/We have authority to bind the entity.

_____
**TIMOTHY Z. MOSLEY**
p/k/a "Timbaland"

### MOSLEY MUSIC LLC

By: _____
   Name: _____
   Title: Authorized Representative
   I/We have authority to bind the entity.

## RELIEF DEFENDANTS:

### HIPGNOSIS SONGS FUND LIMITED

By: _D J Pounder_ (D J Pounder (Oct 6, 2025 16:26:08 GMT+1))
   Name: Daniel John Pounder
   Title: Director
   I/We have authority to bind the entity.

### HIPGNOSIS SFH I LIMITED

By: _D J Pounder_ (D J Pounder (Oct 6, 2025 16:26:08 GMT+1))
   Name: Daniel John Pounder
   Title: Director
   I/We have authority to bind the entity.

### HIPGNOSIS SONGS GROUP

By: _____
   Name: _____
   Title: _____
   I/We have authority to bind the entity.

### HIPGNOSIS SONGS GROUP, LLC

By: _____
   Name: _____
   Title: _____
   I/We have authority to bind the entity.

Confidential Release and Settlement Agreement
October 3, 2025
Harmon et al., v. Mosley et al.

## MOSLEY DEFENDANTS:

**TIMBALAND PRODUCTIONS, INC.**

By: _____
   Name: _____
   Title: Authorized Representative
   I/We have authority to bind the entity.

_____
**TIMOTHY Z. MOSLEY**
p/k/a "Timbaland"

**MOSLEY MUSIC LLC**

By: _____
   Name: _____
   Title: Authorized Representative
   I/We have authority to bind the entity.

## RELIEF DEFENDANTS:

**HIPGNOSIS SONGS FUND LIMITED**

By: _____
   Name: _____
   Title: _____
   I/We have authority to bind the entity.

**HIPGNOSIS SFH I LIMITED**

By: _____
   Name: _____
   Title: _____
   I/We have authority to bind the entity.

**HIPGNOSIS SONGS GROUP**

By: _____
   Name: Peter Brodsky
   Title: EVP and General Counsel
   I/We have authority to bind the entity.

**HIPGNOSIS SONGS GROUP, LLC**

By: _____
   Name: Peter Brodsky
   Title: EVP and General Counsel
   I/We have authority to bind the entity.

11

# 2025-10-3 Settlement Agreement Execution Copy

Final Audit Report                                                    2025-10-07

| | |
|---|---|
| Created: | 2025-10-07 |
| By: | Knoel Glenn-Harmon (msellellc@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAJr7KofWPG3XyclKx821voGIN_bQ1BJ0j |

## "2025-10-3 Settlement Agreement Execution Copy" History

Document created by Knoel Glenn-Harmon (msellellc@gmail.com)
2025-10-07 - 2:41:36 AM GMT

Document emailed to L Jerome Harmon (bronzandbrainzproductions@gmail.com) for signature
2025-10-07 - 2:41:43 AM GMT

Email viewed by L Jerome Harmon (bronzandbrainzproductions@gmail.com)
2025-10-07 - 2:43:25 AM GMT

Document e-signed by L Jerome Harmon (bronzandbrainzproductions@gmail.com)
Signature Date: 2025-10-07 - 2:51:13 AM GMT - Time Source: server

Agreement completed.
2025-10-07 - 2:51:13 AM GMT

Adobe Acrobat Sign