UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE JEROME HARMON and BRONZ & BRAINZ PRODUCTIONS, INC.,<br>Plaintiffs,<br>-against-<br>TIMOTHY ZACHARY (ZEDD) MOSLEY, et al.,<br>Defendant. | 23-CV-4225 (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On December 9, 2025, the parties in this case consented to my jurisdiction for all purposes. (ECF 313.) On December 19, 2025, in the related case of *Verner v. Harmon, et. al.*, No. 25-CV-06530 (JHR) (RFT), at ECF 15 of that case, former counsel to Plaintiffs in this case, Kevon Glickman, sought to enforce a charging lien against the Settlement in this case. On September 11, 2026, I issued an order to show cause directed at Plaintiffs, requiring them to show cause why I may not decide Glickman's motion to assert a charging lien and to fix the precise amount of the asserted charging lien in this matter; the order provided that Plaintiffs could discharge this order to show cause by filing a letter on the docket, not to exceed three single-spaced pages, addressing this issue. (ECF 323.) On September 30, 2026, after Mr. Glickman filed a letter on the docket in the related case at ECF 119 stating that he wished me to decide his motion for an attorney's lien in this case, I issued an order stating that if that was his preference, he must, by October 2, 2026 (a) refile his motion for attorney's fees, originally filed on the docket of the related case, on the docket of this case; (b) file a letter on the docket of this case stating that he is pursuing the attorney's lien only on his own account and not on behalf of Resnick; and (c) file a notice of consent to my jurisdiction in this case, since he was neither counsel to a party nor a

party in this case when the original notice of consent to my jurisdiction was filed in this case; that order provided that if Mr. Glickman made these filings, Harmon Parties would have until October 9, 2026 to lodge any objections to my adjudication of Glickman's attorney's lien; and I brought forward the deadline for any other interested individuals or entities to object to my order to show cause in this case (ECF 323) from the prior deadline of November 6, 2026 to October 9, 2026. (ECF 325.) Mr. Glickman made the required filings. (ECF 326, 327, 328.) No opposition was lodged. Accordingly, it is my intention to decide the motion for an attorney's lien (ECF 326-1) in connection with this case, in which the parties and Mr. Glickman have consented to my jurisdiction for all purposes. The attorney's lien motion was already fully briefed on the docket of the related case, at ECF 15 (Glickman's Memorandum of Law in Support of Motion for Attorney's Fees), ECF 28 (Harmon Defendants' Memorandum of Law in Opposition to Motion for Attorney's Fees), and ECF 34 (Glickman's Reply in Further Support of Motion for Attorneys' Fees). Accordingly, no additional briefing is required. However, if Harmon Parties wish to file any additional documents in opposition to the motion for attorney's fees (ECF 326-1), they shall do so by **October 19, 2026**; Mr. Glickman would have until **October 26, 2026** to respond to any such filing. If Harmon Parties do not file any additional documents in opposition to the motion for attorney's fees (ECF 326-1), I will consider the motion fully briefed based on the filings in the related case ECF 15, ECF 28, and ECF 34.

The schedule for addressing this matter, which was previously entered on the docket of the related case at ECF 116 and ECF 162 is as follows:

a. A telephonic discovery conference is scheduled for **October 14, 2026**, at 1PM EST. At that time, I will address the discovery deadlines. Counsel for the parties are directed to call my conference line at the scheduled time by dialing **(646) 453-4442, Access Code: 730 191 720#.**

b. The parties shall file a letter on the docket by **December 18, 2026**, indicating whether they wish to forgo the hearing on Mr. Glickman's motion for attorney's fees and instead submit the damages inquest on the papers; the hearing will proceed unless all parties agree to submitting the damages inquest on the papers.

c. If the hearing goes forward, my expectation is that all direct testimony will be submitted by affidavit, with live testimony being limited to cross-examination, re-direct, and re-cross, and witness affidavits shall be filed on the docket on or before **December 21, 2026**, along with the witness lists and hearing exhibit lists.

d. If the damages inquest is submitted on the papers, opening submissions shall be due on or before **December 28, 2026**, with oppositions due **on January 4, 2027**, and replies due by **January 11, 2027**.

e. If the hearing goes forward, it will be held on **January 4, 2027**, **at 10:00 AM** in Courtroom 9B of 500 Pearl Street, New York, NY 10007. I do not anticipate any further rescheduling of the hearing.

DATED: October 13, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**