UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLIE JEROME HARMON and BRONZ & BRAINZ PRODUCTIONS, INC.,

Plaintiffs,

-against-

TIMOTHY ZACHARY (ZEDD) MOSLEY, et al.,

Defendant.

23-CV-4225 (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court in the related case of *Verner v. Harmon et. al.*, 25-cv-06530-JHR-RFT, were, as relevant to Glickman Parties' motion for an attorney's lien, Glickman Parties' motions to compel discovery at ECF 135, 136, 142, and 159 on the docket of the related case and motions to extend the discovery schedule at ECF 143, 155, and 156 on the docket of the related case. I issued the following rulings:

1. Glickman Parties' motions for discovery as directed to Harmon Parties (ECF 135, 142 on the docket of the related case) were GRANTED IN PART. Specifically, Harmon Parties were ordered to produce to Glickman Parties (and Resnick Parties):
    a. All correspondence with Verner concerning (i) the retainer of Glickman Parties (and/or Resnick Parties); (ii) the performance of Glickman Parties (and/or Resnick Parties) as counsel in this case; and (iii) the termination of Glickman Parties' (and/or Resnick Parties') representation of Harmon Parties in this case. To the extent that Harmon Parties assert the attorney-client privilege or work-product doctrine in connection with any such documents, it appears that the protections have been waived by Harmon Parties under the at-issue doctrine.

*See Hall v. ArchCare*, No. 18-CV-00515 (PAC) (SN), 2021 WL 979747, at *5 n.4 (S.D.N.Y. Mar. 16, 2021) (Explaining that "[p]ursuant to New York's Rule of Professional Conduct 1.6(b)(5)(ii), an attorney may reveal or use confidential information to the extent that the lawyer reasonably believes necessary ... to establish or collect a fee."). Accordingly, to the extent that Harmon Parties assert privilege or work product protection over any portions of such correspondence, Harmon Parties were ordered, by **November 2, 2026,** to provide a privilege and redaction log to Glickman Parties (and Resnick Parties) and to email unredacted versions of all such documents to my Chambers email address for in camera review.

These motions to compel were otherwise DENIED IN PART.

2. Glickman Parties' motions to compel discovery of Verner (ECF 136, 159 on the docket of the related case) were GRANTED IN PART. Specifically, Verner was ordered to produce to Glickman Parties, Harmon Parties, (and Resnick Parties):

   a. The time records and invoices for the representation in this matter. As a general matter, time records and billing invoices are not protected from production based on the attorney-client privilege or the work product doctrine. Accordingly, to the extent that Harmon Parties assert privilege or work product protection over any portions of Verner's time records and invoices, Verner and/or Harmon Parties were ordered, by **November 2, 2026**, to provide a redaction log to Glickman Parties, Harmon Parties, (and Resnick Parties) and to email unredacted

versions of all redacted documents to my Chambers email address for in camera review.

b. All correspondence with Harmon Parties concerning (a) the retainer of Glickman Parties (and/or Resnick Parties); (b) the performance of Glickman Parties (and/or Resnick Parties) as counsel in this case; and (c) the termination of Glickman Parties' (and/or Resnick Parties') representation of Harmon Parties in this case. To the extent that Harmon Parties assert the attorney-client privilege or work-product doctrine in connection with any such documents, it appears that the protections have been waived by Harmon Parties under the at-issue doctrine. *See Hall*, 2021 WL 979747, at *5 n.4. Accordingly, to the extent that Harmon Parties assert privilege over any portions of such correspondence, Verner and/or Harmon Parties were ordered, by **November 2, 2026,** to provide a privilege and redaction log to Glickman Parties, Harmon Parties, (and Resnick Parties) and to email unredacted versions of all such documents to my Chambers email address for in camera review.

c. Documents sufficient to show (a) Verner's receipt of all settlement funds in this case, (b) documents sufficient to show the current balance of the settlement funds held in escrow by Verner, and (c) documents sufficient to show any disbursements made from the settlement funds.

These motions to compel were otherwise DENIED IN PART.

3. Harmon Parties' motions to extend the discovery schedule (ECF 155, 156 on the docket of the related case) were GRANTED IN PART and DENIED IN PART, in that Harmon

Parties were ordered to complete their production of documents and provide any privilege and/or redaction log by **November 2, 2026.** Likewise, Verner was given until **November 2, 2026** to complete his production and provide a privilege log to Glickman Parties, (Resnick Parties,) and Harmon Parties.

4. Glickman Parties (and Resnick Parties) were given until **November 9, 2026** to raise any claimed deficiencies in discovery provided by Harmon Parties and Verner by filing a letter-motion on the docket; and Harmon Parties and Verner were given until **November 12, 2026** to file any response on the docket.
5. I explained that I did not anticipate any extensions of these deadlines absent extremely good cause shown; and that obligations in other cases would not constitute the requisite cause.

DATED: October 15, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**